IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH CBRWN56@YAHOO.COM THAT ARE STORED AT PREMISES CONTROLLED BY OATH HOLDINGS INC., AS CONTROLLER OF THE YAHOO DOMAIN. | Case No. 5:20-mj-76-MJF<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Alison M. Rohrer being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by Oath Holdings Inc., an email provider headquartered at 701 First Avenue, Sunnyvale, CA 94089 US. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Oath Holdings Inc., a digital and mobile media company including the Yahoo brand, to disclose to the government copies of the information (including the content of communications) further described in Section I of

Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

1. I am a Special Agent (SA) for the Office of Special Investigations (OSI), and have served in the capacity of a Federal Criminal Investigator since February 2020. I am authorized under 28 CFR § 60.2 (h) to request federal search warrants. I am currently assigned to Detachment 223, Tyndall Air Force Base (TAFB) located in the Northern District of Florida. My main responsibility involves the investigation of felony level crimes and counterintelligence matters committed by anyone subject to the United States Code (USC) and the Uniformed Code of Military Justice (UCMJ) which impact the United States Air Force. During my employment with the United States Air Force, I attended and graduated from the Federal Law Enforcement Training Center, Glynco, GA, in February 2020. I have participated in investigations involving sexual assault, assault, domestic violence, and theft of government property. I have also participated in the execution of several arrest warrants, and conducted physical surveillance. The opinions I have formed and set forth in this affidavit are based on my experience and training, as well as my consultation with other experienced investigators and agents of the OSI, and other law enforcement agencies.

1. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2252A(a)(5) (Possession of Child Pornography) have been committed by James J. Balten, There is also probable cause to search the information described in Attachment A for evidence and contraband of these crimes further described in Attachment B.

## JURISDICTION

3. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the United States District Court for the Northern District of Florida is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).]

## PROBABLE CAUSE

4. This investigation was initiated on August 7, 2020, based upon information the National Center for Missing and Exploited Children (NCMEC) provided to the Office of Special Investigations (OSI) Investigations, Collections and Operations Nexus (ICON) Center, Criminal Integration Branch, Quantico, VA.

3

NCMEC created and provided OSI with two Cyber Tips and one supplemental Cyber Tip detailing prohibited activity on the Yahoo email account cbrwn56@yahoo.com and open source information.

5.  As of June 2017, Oath Holdings Inc., a digital and mobile media company, announced its absorption of the Yahoo brand. On September 18, 2017 Oath Holdings Inc. and Yahoo initiated sharing user information and full business and brand integration. On June 28, 2020, Oath Holdings Inc., flagged the Yahoo email account cbrwn56@yahoo.com for attempting to send twenty-six files depicting nude and partially nude prepubescent females; the email domain blocked the user from completing the email transmission. Subsequently, Oath Holdings Inc., upon review of the data, identified twenty-four files of suspected child pornography, and two additional files of suspected child erotica. The files disclosed six .jpeg files and eighteen .mov files, involving prepubescent females engaged in genital manipulation on themselves or each other using fingers, mouths, and objects, as well as prepubescent females engaged in vaginal sexual intercourse with an unidentified adult male.  Unrelated to the files identified in the Cyber Tips, Oath Holdings Inc. found .jpeg files of an adult male in military style clothing.  On July 7, 2020, Oath Holdings Inc. terminated email account cbrwn56@yahoo.com.

6.  Oath Holdings Inc. conducted a review of the account's subscriber information (cbrwn56@yahoo.com) and identified the associated phone number,

4

816-401-5052, which was verified on March 3, 2020. The same phone number was associated and confirmed the email accounts cbrwn57@yahoo.com on March 2, 2020 and abnrdo@yahoo.com on January 5, 2017. The email account abnrdo@yahoo.com was registered to Jim Balten. Additionally, the account cbrwn56@yahoo.com confirmed cbrwn57@yahoo.com as an alternative email address. Based on my training and experience, an associated and verified phone number or email account can be used as a secondary identification method to assist a user with login identification or password resets.

7. An open source search identified a Facebook Profile for Jim Balten which appeared to depict the same aforementioned images of an adult male in military style clothing. As of July 21, 2020, the profile depicted the Facebook name, "Jim Balten." The profile photograph was a skull wearing a beret in front of crossed arrows. "Special Forces" was written above the skull, and "Silent Warrior" was written on a banner below the skull. Within the Intro section, was "Space Shuttle Door Gunner at U. S. Space Force." Additional images depicted U.S. Air Force TACP and U.S Space Force patches and seals. Further, a LinkedIn Profile for James Balten revealed the name, "James Balten III," with a current occupation title of ISR/IAA/DSCA Operations Officer at United States Air Force in Panama City, Florida. Balten was at TAFB since May 2018 to present. Prior to being at TAFB,

Balten was a Mission Operations Commander/ Assistant Director of Operations at McConnell AFB, Kansas.

8. OSI ICON completed a DOD Person Search (DPS) for James Balten, which is a database containing personal identifying information for DOD personnel and their previous and/or current dependents, including social security numbers, dates of birth, personal and work addresses and phone numbers. The search confirmed the phone number (816-401-5052) and email address (abnrdo@yahoo.com) belonged to James J. Balten. Additionally, OSI ICON confirmed his home address was 5301 Nicholas Ln, Panama City, Florida. OSI ICON provided OSI Detachment (Det) 223, TAFB with all aforementioned data and information, for OSI Det 223 to officially open a criminal investigation and assume investigative responsibility.

9. On August 7, 2020, OSI Det 223 opened a criminal investigation involving James J. Balten's possession of child pornography. OSI Det 223 confirmed James J. Balten, as a member of the Air National Guard, on active orders and stationed at TAFB. OSI Det 223 reviewed the data provided within the Cyber Tips for cbrwn56@yahoo.com. The user successfully logged in on June 13, 2020 in or around Panama City and June 30, 2020 in or around Ocala, FL. OSI Det 223 consulted with OSI Det 121, Hurlbert Field, Florida, Internet Crimes Against Children (ICAC) Task Force member and a Bay County Sherriff's Office (BCSO)

6

ICAC Task Force member, who advised the account could be used and remain in "logged in" status between login dates and times, especially if it was accessed on a mobile device.

10. The Cyber Tips disclosed on June 28, 2020 at 0536 hours, account cbrwn56@yahoo.com, attempted to send the aforementioned twenty-six files utilizing the IP address 174.227.0.149, however, the domain blocked the electronic transmission. All files were either NCMEC reviewed following Oath Holding Inc.'s notification, or contained recognized "Hash Match" files which were previously viewed and categorized by NCMEC in past reports. Cyber Tips disclosed files uploaded on August 13, 2015, September 7, 2015, and between January 14, 2020 and June 28, 2020. NCMEC categorized sixteen files as "apparent child pornography," eight as "CP (unconfirmed)," and two as "child unclothed." Further, the OSI Det 121 ICAC Task Force member also reviewed the Cyber Tips provided to Det 223. Several, images of child pornography were familiar to him from previous investigations.

11. The Bay County Sheriff's Office issued two state Subpoenas to Verizon Wireless on August 18, 2020, and August 20, 2020, confirmed the phone number 816-401-5052 was registered to James J. Balten, and was connected to the IP address 174.227.0.149 on June 28, 2020, at 0536 hours.

12. In general, and according to the Yahoo! Compliance guide for Law Enforcement, an email that is sent to a Yahoo domain is stored in the subscriber's "mail box" on Oath Holdings Inc.'s servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Oath Holdings Inc.'s servers indefinitely. Further, subscriber and profile information is maintained as long as the account it active. Additionally, included in NCMEC Cyber Tips, Oath Holdings Inc. reported they retain content submitted within the Cyber Tips for at least 90 days from the receipt of report, pursuant to 18 USC § 2258A (h)(2). Additionally, on 25 Aug 20, OSI Det 223 filed a Preservation Request for Oath Holdings Inc. to maintain all records associated with all three accounts (cbrwn56@yahoo.com, cbrwn57@yahoo.com and abnrdo@yahoo.com) for ninety days, pending further legal action pursuant to 18 U.S.C. 2703(f); the request was received and confirmed.

## BACKGROUND CONCERNING EMAIL

13. Oath Holdings Inc. provides a variety of on-line services, including electronic mail ("email") access, to the public. Oath Holdings Inc. allows subscribers to obtain email accounts at the domain name yahoo.com, like the email accounts listed in Attachment A. In general, an email user agrees to a company privacy policy. In the Oath Privacy Policy, Oath Holdings Inc. informs its users of the collection,

8

storage, and analysis of information provided (such as device IDs, cookies, and other signals), uploaded or stored content (such as comments, photos, voice inputs, videos, emails, messaging services and attachments), all communications content, including email content from incoming and outgoing mail, device information (such as IP address, cookie information, mobile device and advertising identifiers, browser version, operating system type and version, mobile network information, device settings, and software data), and location information. Subscribers obtain an account by registering with Oath Holdings Inc. During the registration process, Oath Holdings Inc. asks subscribers to provide basic personal information. Therefore, the computers of Oath Holdings Inc. are likely to contain stored electronic communications (including retrieved and unretrieved email for Oath Holdings Inc. subscribers) and information concerning subscribers and their use of Oath Holdings Inc. services, such as account access information, email transaction information, and account application information. Additionally, based on my consultation with experienced agents and ICAC Task Force members, users may send or attempt to send email between their own email accounts as an alternative storage method. Such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

14. An Oath Holdings Inc. subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data,

pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Oath Holdings Inc. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

15. Email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). Such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training, experience, and consultation with other experienced investigators, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

16. Email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to

connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account. Further, Oath Holdings Inc. provided account creation dates, initial and last login dates and times, and IP addresses in the initial notification to NCMEC for all accounts described in Attachment A. In my training, experience, and consultation with other experienced investigators, such information may constitute evidence of the crimes under investigation because the information can be used to identify the user or users, establish patterns of behavior, or identify individuals involved.

17. In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under

11

investigation because the information can be used to identify the account's user or users.

18.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use, relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.

Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

19. To ensure compliance with 18 U.S.C. §§ 2252 and 2252A, Oath Holdings Inc. does not mail, transport, or deliver child pornography to any person other than as permitted pursuant to 18 U.S.C. § 2258. Accordantly, absent permission of the Court, Oath Holdings Inc. will not provide information responsive to this warrant should it contain, as is anticipated, child pornography. The Court has the authority to order Oath Holdings Inc. to disclose responsive data to the Court authorized search warrant by sending it to the government using the U.S. Postal Service or another courier service, notwithstanding 18 U.S.C. §§ 2252 or 2252A, or similar statute or code. Oath Holdings Inc. routinely complies with such orders, which do not place an unreasonable burden on Oath Holdings Inc. Accordingly, Attachment B allows for Oath Holdings Inc. to comply with the warrant by sending the results to your affiant by U.S. Mail or other courier.

## CONCLUSION

20. Based on the forgoing, I request that the Court issue the proposed search warrant based on probable cause to believe that the Yahoo email accounts described in Attachment A contains (1) evidence of violations of 18 U.S.C. § 2252A (a)(5) (possession of child pornography) and/or (2) contraband, fruits of crime, or other items illegally possessed as described in Attachment B. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Because the warrant will be served on Oath Holdings Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

*[signature]*

Alison Rohrer/ Special Agent
Department of the Air Force
Office of Special Investigations (OSI)

Subscribed and sworn to before me on the ___1ST___ day of October, 2020.

/s/ Michael J. Frank
_____
MICHAEL J. FRANK
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with cbrwn56@yahoo.com, which is stored at premises owned, maintained, controlled, or operated by Oath Holdings Inc., a company headquartered at 701 First Avenue, Sunnyvale, CA 94089 US.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Oath Holdings Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on August 25, 2020, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all emails associated with the account from the month of the first known file uploads, August 1, 2015 to September 30, 2020, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email

addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes contraband or evidence of violations of Title 18, USC, Section 2252A(a)(5) (Possession of Child Pornography), involving James J. Balten, and occurring after August 1, 2015, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Communications, images, or videos concerning, relating to, or depicting child pornography;

(b) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(c) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to the possession, receipt, or distribution of child pornography, including records that help reveal their whereabouts.